IN THE UNTIED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

**Avery B. Crigger, on behalf of himself
and all others similarly situated,**
    **Plaintiff,**

vs.            Case No. 2:19-cv-00053-PLR

**Johnson City, Tennessee**        <u>**CLASS ACTION SUIT**</u>
    **Defendant**.

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF**

Comes now the Plaintiff, by and through his below signed attorneys, and, pursuant to Rule 15 of the Federal Rules of Civil Procedure, for his First Amended Complaint and response to the Defendant's Motion to Dismiss states as follows:

**THE DEFENDANT**

1. The Defendant, Johnson City, Tennessee, is an incorporated municipality organized under Tennessee law that has been served with process.

**JURISDICTION**

2. This Court has jurisdiction under the 4th and 5th and 14th Amendments to the United States Constitution and 42 U.S.C. 1983, et seq.

**PLAINTIFF AND HIS CAUSE OF ACTION**

3. Avery Crigger was at all times relevant to this action a Tennessee resident.

4. On or about August 10, 2018, a police officer employed by the Defendant issued Mr. Crigger a summons for exceeding the posted speed limit in Johnson City, Tennessee. (Exhibit A, Ticket #S342777-Summons).

1

5. The summons instructed Mr. Crigger that his court date would be on September 17, 2018 at 9:00 am in the Johnson City Municipal Court.

6. The summons stated that he had been cited for violating, "Code 55-8-152 (R) Speeding Radar."

7. The United States Constitution and 42 U.S.C. 1983 protect Mr. Crigger and all others similarly situated from having to pay so called fines to Johnson City where those fines have been unlawfully imposed under color of law. T.C.A. 55-8-152 defines criminal offenses and the Johnson City Municipal Court is not empowered to enforce Tennessee's criminal statutes.

8. The Johnson City police officer did not issue Mr. Crigger any documentation putting him on notice that he had violated any Johnson City municipal ordinance.

9. No summons can legally invoke the jurisdiction of the Johnson City Municipal Court without informing the person named on the summons of a <u>municipal code ordinance</u> that made the conduct an unlawful civil violation subject to the Municipal Court's jurisdiction.

10. The state of Tennessee has not empowered the City of Johnson City or its Municipal Court to unilaterally enforce the Tennessee Code's traffic provisions.

11. The Johnson City Municipal Court lacked subject matter jurisdiction to penalize Mr. Crigger and all others similarly situated for violating Tennessee's criminal laws.

12. The summonses issued under the authority of the Johnson City Municipal Court that do not put the individuals named in the summonses on notice of the municipal

code section that they had allegedly violated were and are *void ab initio* and Mr. Crigger and all others similarly situated are entitled to a full refund of any fines and court costs they have paid as well as any other remedies authorized by law.

13. Often the Johnson City Municipal Court will send its adjudications to the Tennessee Department of Safety which will create a Court Action Report. Upon information and belief, there is not a Court Action Report for Mr. Crigger's adjudication; however, an example of a redacted Court Action Report based upon information from Johnson City Municipal Court is Exhibit B to this Complaint.

14. The Court Action Reports from the Johnson City Municipal Court specify the individual was "GUILTY AS CHARGED".

15. Under the Tennessee Constitution, fines greater than $50.00 may only be imposed by a jury, unless the individual who is the subject of the fine waives the right to a jury.

16. The Plaintiff and the majority of the class members were fined more than $50.00 and neither the Plaintiff nor the others similarly situated waived their right to a jury trial.

17. Absent a waiver of the right to have a jury set fines greater than $50.00, the fines imposed upon the Plaintiff and class members under the purported authority of the Johnson City Municipal Court that were greater than $50.00 were unconstitutional and the Plaintiff and class members are entitled to a full refund of any such fines.

18. The Johnson City Municipal Court lacks jurisdiction to impose fines where the asserted conduct is a purported violation of Tennessee's traffic laws and Mr. Crigger

3

and all others similarly situated are entitled to full refunds of any moneys and court costs that they have paid.

## FIRST CAUSE OF ACTION

### *Violation of 42 U.S.C. Section 1983*

19. Federal law and U.S. Constitution protect Mr. Crigger and all others similarly situated from having their Constitutional rights violated by unreasonable and unlawful fines and assessments imposed under color of law:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 US.C. Section 1983

20. The Due Process Clause of the Fourteenth Amendment prohibits any State from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "The touchstone of due process is protection of the individual against arbitrary action of government." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 845, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998) (citation and alteration omitted). In the Mr. Crigger's and class members' cases, Johnson City violated the limit of its power by adjudicating criminal offenses in a court without criminal jurisdiction.

21. The unlawful actions and Johnson City's policy relative to Johnson City Municipal Court deprived Mr. Crigger and class members of a protected property interest

4

without affording them adequate procedural rights as required by the 14th Amendment to the United States Constitution.

22. The term "person" includes one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in cases under title 11, or receivers.

23. Without actual authority and under color of law, Johnson City developed and followed a policy that substantively deprived the Plaintiff and all others similarly situated of money in the form of fines and court costs and fees unsupported by the Tennessee Constitution and Tennessee law. Johnson City showed deliberate indifference by not training its law enforcement officers to issue moving violations with city ordinance numbers on the ticket.

24. Johnson City routinely forwards a "Court Action Report" or other documents to the Tennessee Department of Public Safety purporting to inform the Department that class members had been found "Guilty" of violating the Tennessee Code. See Exhibit B, Example of Court Action Report.

25. Court Action Reports can adversely impact class members driving privileges as the term, privileges, is defined in 42 U.S.C. 1983.

26. The Defendant, under color of law, systematically and without legal authority collects money from persons alleged to have committed traffic violations.

27. The Defendant's unlawful imposition of fines and court costs violates Plaintiff's constitutional rights secured under 42 U.S.C. 1983.

5

## CLASS ACTION ALLEGATIONS

28. Plaintiff brings his action on behalf of himself and a class of all other similarly situated individuals who have paid monies to Johnson City through the Johnson City Municipal Court where the Plaintiff and class members received no notice of a municipal code violation supporting the alleged violation and where the ticket/summons identified a specific Tennessee state traffic law that had allegedly been violated.

### Numerosity

29. Upon information and belief, the number of persons adversely affected by the practice exceeds a hundred in each year applicable to this cause of action.

30. The members of the class or subclasses are readily ascertainable but are so numerous that joinder is impractical.

31. Upon information and belief, over two thirds of the putative class members are residents of the State of Tennessee.

### Common Questions of Law and Fact

32. These are questions of law and fact common to the class, including:

    a. Whether the Defendant engaged in the conduct alleged hisein;

    b. Whether there is statutory authority for Defendant's actions as alleged herein;

    c. Whether the Defendant acted without statutory authority in committing the acts alleged herein;

    d. Whether the members of the Plaintiff class have sustained damages and what is the proper measure of damages;

    e. Whether or not it is appropriate to enjoin further transactions of this nature;

f. Whether or not it is appropriate to order the Defendant to notify the Tennessee Department of Public Safety of the unsupported Court Action Reports the Defendant filed with that agency;

g. Whether the Plaintiff and class members received Constitutionally adequate notice of alleged infractions that the Johnson City Municipal Court adjudicated;

f. Whether the Plaintiff and class members were afforded due process;

h. Whether the Municipal Court's practice of imposing fines greater than $50.00 without first obtaining a waiver from the person fined to the person's right to a jury determination violates the Tennessee Constitution.

## Typicality

33. Plaintiff's claims are typical of the claims of members of the class and/or subclasses in that Plaintiff and class members have all been assessed and / or paid monies to the Defendant in excess of the amounts the Defendant was lawfully entitled to demand or impose.

34. Plaintiff's claims are typical of the claims of the class and/or subclasses in that the procedures employed by the Defendant are uniform as to all persons affected.

## Adequate Representation

35. Plaintiff will fairly and adequately protect the interests of each member of the class and has retained counsel competent and experienced in complex class actions.

## Rule 23 Certification

36. Class certification is appropriate as the prosecution of separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for the Defendant.

37. Class certification is appropriate as adjudication with respect to individual members of the class could, as a practical matter be dispositive of the interests of other members not parties to the adjudications or could substantially impair or impede their ability to protect their interests.

38. Class certification is appropriate because the Defendant has acted or refused to act and may still be acting on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

39. Class certification is appropriate because questions of law or fact common to the Plaintiff class and potential subclasses predominate over any questions affecting only individual members and a class action is superior to any other available method for the fair and efficient adjudication of the controversy.

40. Plaintiff seeks injunctive relief in the form of an order requiring the Defendant to notify individuals currently charged with violating traffic laws where those violations are to be disposed of in its Municipal Court of the municipal code violation at issue in each case.

41. Plaintiff seeks injunctive relief in the form of an order requiring the Defendant to notify the Tennessee Department of Public Safety that the Court Action

Reports it submitted that bear only a TCA violation number were invalid and legally insufficient.

## Common Questions of Law and Fact Predominate

42. Class certification of the Plaintiff class and/or subclasses is appropriate because this matter rests predominately on uniform matters of law and common issues of fact relative to the Defendant's conduct that predominate over individual issues.

## Superiority

43. A class action is superior to individual litigation because separate lawsuits would magnify the delay and expense for the parties and the courts. By contrast the class action device presents far fewer management difficulties and provides the benefits of unitary adjudication, economies of scale, and comprehensive supervision in a single court of law.

## ADMINISTRATIVE REMEDIES

44. Plaintiff specifically makes no allegations of any wrongdoing or liability that could be corrected or remedied through an available administrative process.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and all others similarly situated, prays for judgment as follows:

1. That the Municipal Court's judgments naming Plaintiff and class members as having exceeded the speed limit be vacated as *void ab initio* due to the Municipal Court's lack of subject matter jurisdiction.

2. That the Court certify a class of all persons who have paid a fine or costs under the alleged authority of the Johnson City Municipal Court where those persons had no notice of the municipal code violation at issue in their case and where the ticket/summons issued to the class member cited a violation of Tennessee's traffic law(s).

3. That the Court order the Defendant to notify the Tennessee Department of Public Safety that the Court Action Reports naming class members as persons who violated Tennessee traffic laws were *void ab initio* and should be withdrawn.

4. That the Court order the Defendant to refund any fines and court costs paid by the Plaintiff and class members where the Plaintiff and class members were not put on notice of a municipal code violation supporting the fines and costs.

5. That the Court hold that fines greater than $50.00 imposed under the purported authority of the Johnson City Municipal Court that were imposed without first obtaining a waiver of the individual's right to a jury were unconstitutional and void.

6. That the Court hold that the conduct described in this Complaint violated 42 U.S.C. 1983 and the Plaintiff and class members are entitled to full refunds of any fines and court costs they paid together with interest as appropriate.

7. That the Court award class counsel their reasonable attorney fees.

8. That the Defendant be required to pay the costs and expenses of this litigation.

9. That the Court order other relief this Honorable Court deems just.

Respectfully Submitted,

/s/ A. James Andrews
A. James Andrews, BOPR #15772
Attorney for Plaintiff
942 Scenic Drive
Knoxville, Tennessee 37919
andrewsesq@icx.net
(865) 660-3993

CERTIFICATE OF SERVICE

I hereby certify that, in addition to the ecf filing, I have email a copy of the above to:

K. ERICKSON HERRIN, BPR # 012110
HERRIN, MCPEAK & ASSOCIATES at
lisa@hbm-lawfirm.com

this 8th day of May, 2019.

/s/ A. James Andrews